HEARD NOVEMBER TERM, 1872.

## PATTERSON *vs.* RAILROAD COMPANY.

The declaration of an agent, made the day after the event occurred to which it related, is no part of the *res gestæ*, and cannot be given in evidence against the principal.

At the trial by a jury of an action against a railroad company, as common carriers, to recover for the loss of cotton alleged to have been delivered at a depot of defendants, and burned the same day, a declaration of the agent made the next day that "the railroad company was responsible for the cotton," was received as evidence against defendant: *Held*, Error, but no ground for a new trial—the declaration being a mere expression of opinion and irrelevant to the issues.

BEFORE F. W. McMASTER, SPECIAL JUDGE, RICHLAND, APRIL TERM, 1872.

Action by George W. Patterson, plaintiff, against the South Carolina Railroad Company, defendants, to recover damages for the loss of cotton alleged to have been delivered by plaintiff to defendants, as common carriers, at their depot in Richland County, called Gadsden.

For the plaintiff, evidence tending to show that some time in the year 1864 the cotton of plaintiff was hauled from the plantation of James W. Adams to Gadsden, and delivered there to Flowers, the agent of the defendants, at that depot; that it was deposited on the platform and was burned the same afternoon on the cars of defendants.

During the trial, Goodson, a witness for the plaintiff, was allowed to testify that he had a conversation with Flowers, the agent, the morning after the burning of the cotton. I asked him who lost the cotton, because I felt an interest in it. I did not like to see Capt. Adams lose it, as it had been in my charge. " He said the railroad company were responsible for the cotton." This evidence was objected to by defendants as incompetent, but was received as part of the *res gestæ*.

The jury found for the plaintiff, and defendants appealed.

*Chamberlain*, for appellants, contended that the evidence received was no part of the *res gestæ*, and should have been rejected. He cited 1 Green Ev., § 108, 110, 113 ; 1 Phil. Ev., 507 ; Story on Ag., § 134–5; *Enos* vs. *Tuttle*, 3 Conn., 250 ; *Mitchum* vs. *The State*, 11 Geo., 625 ; *Fairlee* vs. *Hastings*, 10 Ves., 123 ; *Stiles* vs. *Western R. R. Company*, 8 Metc., 44 ; *Cooley* vs. *Norton*, 4 Cush., 93 ; *Corbin* vs. *Adams*, 6 Cush., 93 ; *Robinson* vs. *Railroad*, 9 Gray, 92 ; *Parker* vs. *Green*, 8 Metc., 142–3; *Lund* vs. *Tyngsboro*, 9 Cush., 36 ; *Boring* vs. *Clark*, 11 Pick., 220 ; *Burnham* vs. *Ellis*, 37 Maine, 319 ; *Hannay* vs. *Stewart*, 6 Watts, 489 ; *City Bank of Baltimore* vs. *Bateman*, 7 Har. & Johns., 105 ; *Magill* vs. *Kauffman*, 4 S. & R., 317 ; *Bingham* vs. *Cabbot*, 3 Dall., 19, 39 ; *Bank of Monroe* vs. *Field*, 2 Hill, 445 ; *Thallhimer* vs. *Brinckerhoff*, 4 Wend., 394; *Hubbard* vs. *Elmer*, 7 Wend, 446 ; *Barker* vs. *Binninger*, 14 N. Y., 270 ; *Luby* vs. *Hudson River R. R. Company*, 17 N. Y., 131 ; *Fogg* vs. *Child*, 13 Barb., 246 ; *State Bank* vs. *Johnson*, 1 Mill., 200 ; *Park* vs. *Hopkins*, 2 Bail., 408 ; *Martin & Walker* vs. *Stribling*, 1 Sp., 24 ; *Lark* vs. *Cunningham*, 7 Rich., 57 ; *Pritchett* vs. *Sessions*, 10 Rich., 293 ; *Raiford* vs. *French*, 11 Rich., 367 ; *Garth* vs. *Howard & Flemming*, 8 Bing., 451.

*Monteith & Bauskett*, contra, cited 1 Green. Ev., § 114 ; *Morse* vs. *Conn. River R. R. Company*, 8 Gray, 450 ; *Charleston and Savannah R. R. Company* vs. *Blake*, 12 Rich., 634.

March 24, 1873. The opinion of the Court was delivered by

WRIGHT, A. J. The principle of law contended for by the counsel of the appellants, restricting the admissibility of the declarations, statements or admissions of an agent as evidence, is not disputed by the other side. The agent having authority to act for his principal, either in a special matter or in his general business, stands, as to all transactions, within the scope of his authority as the principal himself. While the admission and confessions of the principal are always received as competent testimony against him, the rule, in the same unrestricted manner, cannot be applied to those of his agent. The reason is plain and obvious ; the principal is bound not only by all that he does and says, for he may affect himself as he pleases by act or word, but the declarations of the

agent can only bind the principal so far as they are connected with the business in which he represented him.

In the language of Mr. Greenleaf, in his work on evidence, Vol. 1, Sec. 108 : " These surrounding circumstances, constituting part of the *res gestæ*, may always be shown to the jury along with the principal fact." The *res gestæ* is the act from which the liability of the principal arises, because the authority to bind him by it has been conferred upon the agent; but, when it is completely executed, the connection of the agent terminates, and, therefore, his admission or statements in regard to any of the results or consequences of the transaction may be treated as if made by a stranger. While there does not seem to exist any difference of opinion as to the true and well recognized rule in relation to the admissibility of such declarations, it does not follow that the appellants can take any benefit from their exception. Their counsel, in his argument, admits " that in the present case the question at issue between the parties was the fact of the delivery of the respondent's cotton to the appellants. If that fact could be established, the liability of the appellants, as common carriers, became, by operation of law, absolute and undeniable."

It is not perceived what effect the answer of Flowers, the agent, to the interrogatory of Goodson, the witness, had in determining the issue as to the delivery. Goodson, in the course of his examination, said he had a conversation with Flowers the morning after the burning of the cotton. Plaintiff's counsel put the question to the witness, " what did he say?" to which objection was made and overruled ; he answered: "I asked him who lost the cotton, because I felt an interest in it. I did not like to see Captain Adams lose it, as it had been in my charge;" he (Flowers) said "the railroad company was responsible for the cotton." This was no more than an opinion as to the liability for the loss, without any reference to the delivery of the cotton of the plaintiff, and gave no intimation as to the ownership of that which was destroyed. The fact, neither of ownership nor delivery, can in any degree be affected by this answer of Flowers, and it cannot be construed as an admission that the lost cotton had been delivered on account of the plaintiff. While we cannot sustain the special Judge, who presided at the trial, in holding that the declarations of the agent, the morning after the fire, was part of the *res gestæ*, yet we cannot set aside the judgment and grant a new trial merely because the evidence admitted was

irrelevant. It, therefore, could have no influence on the result, and the plaintiff, in this regard, could not have been prejudiced by its reception. We have not considered the second and third exceptions, as the counsel for the appellants informed the Court, on the argument, that he rested his motion entirely on the first ground.

The motion is dismissed, in accordance with order heretofore filed.

*Moses*, C. J., and *Willard*, A. J., concurred.